# Order

Michigan Supreme Court
Lansing, Michigan

June 13, 2008

135712

CATHERINE NICOLE DONKERS and BRAD
LEE BARNHILL,
          Plaintiffs-Appellees,

v

TIMOTHY KOVACH,
          Defendant-Appellant.

_____/

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

SC: 135712
COA: 270311
Washtenaw CC: 05-000994-NM

On order of the Court, the application for leave to appeal the December 18, 2007 judgment of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court.

MARKMAN, J., dissents and states as follows:

For the reasons set forth in Judge Markey's thoughtful dissent, I would affirm the decision of the trial court to dismiss plaintiff's case after plaintiff refused to affirm, with her right hand raised, to give truthful testimony. Plaintiff is not a law unto herself and cannot unilaterally determine the circumstances under which she will participate in the judicial process and communicate to the judge and the jury that she is a credible witness. Rather, there are rules and procedures — in this instance, having a pedigree of half a millennium or so — by which our system of law seeks to ensure that the truth of matters is discerned in legal disputes.

Typically, witnesses must swear to tell the truth and outwardly communicate their commitment to do so by raising their right hand during the process of swearing. To accommodate those with conscientious objections to such swearing, Michigan law affords an alternative procedure by which witnesses may "affirm" to tell the truth. MCL 600.1434. For the reasons set forth by Judge Markey, I do not believe that this alternative procedure vitiates the requirement of an upraised right hand. Because plaintiff refused to participate in the legal process by the rules and procedures established by law, I do not believe the trial court abused its discretion by dismissing plaintiff's lawsuit.

I would only add to what Judge Markey has stated that I am not convinced that the instant case is properly characterized as a "free exercise" case, as plaintiff asserts. Although the trial court provided ample opportunity for plaintiff to explain her objections to affirming to tell the truth with her right hand raised, plaintiff offered no explanation for her refusal to act in accord with the law other than vaguely claiming that she holds contrary "religious beliefs." Yet, plaintiff entirely failed to specify the nature and source of these beliefs. Thus, it is not only impossible to know whether plaintiff's "free exercise" of religion is truly implicated here, but it is impossible to know whether either plaintiff's insistence upon affirming, rather than swearing, or her refusal to raise her right hand, was truly a matter of "conscientious opposition," as is required by MCL 600.1434. Although "religious beliefs need not be acceptable, logical, consistent, or comprehensible to others in order to merit First Amendment protection," a person making a free exercise claim must provide some showing of the "sincerity" of the professed belief. *Church of Lukumi Babalu Aye v City of Hialeah*, 508 US 520, 531 (1993). Moreover, as Judge Markey noted, the requirement of raising the right hand "has a secular origin and fosters the secular purposes of reinforcing the solemnity of the occasion and ensuring truthful testimony." *Donkers v Kovach*, 277 Mich App 366, 384 (2007). Cf. *West Virginia State Bd of Ed v Barnette*, 319 US 624 (1943).

Even if factual developments established this as a bona fide "free exercise" claim, I would still not affirm the Court of Appeals, but rather would grant leave to appeal to determine under what standard such claims are to be evaluated in Michigan, and then remand to the trial court to properly apply that standard to plaintiff's claim. Under the federal constitutional standard, the right of free exercise does not generally relieve an individual of the obligation to comply with a valid and neutral law of general applicability on the ground that the law proscribes (or prescribes) conduct that his religion prescribes (or proscribes). *Employment Div, Dep't of Human Resources of Oregon v Smith*, 494 US 872, 879 (1990) (quotations omitted). See also *Greater Bible Way Temple v Jackson*, 478 Mich 373 (2007).

However, this Court has apparently held, post-*Smith*, that Michigan's Free Exercise Clause, Const 1963, art 1, § 4, requires the application of "strict scrutiny" to even neutral laws and that they must serve a "compelling state interest." *McCready v Hoffius*, 459 Mich 131, 143 (1998); see also *Reid v Kenowa Hills Pub Schools*, 261 Mich App 17, 26 (2004). However, *McCready* cited no Michigan cases, or otherwise explained in any way why the Michigan Constitution, art 1, § 4, imposes a greater burden upon the government to justify even neutral laws than the United States Constitution, US Const, Am I. In my judgment, this is a substantial constitutional issue that is worthy of far more thorough analysis than was provided in *McCready*. *Id*. at 150 n 4 (Boyle, J., dissenting) (stating that the parties had not been given "an opportunity to thoroughly argue the issues").

Before this Court effectively jettisons an institution that has served this state well since its inception, and that has always been viewed by our system of law as essential to the achievement of a fair trial, I would accord this issue significantly more careful consideration.

TAYLOR, C.J., and CORRIGAN, J., join the statement of MARKMAN, J.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

June 13, 2008

_Corbin R. Davis_
Clerk

t0610